Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 2599 | DATE | 3/5/2001 |
| CASE TITLE | ALLISON COOK vs. UNITED STATES OF AMERICA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's objections are overruled and the Magistrate Judge's Memorandum Opinion and Order is affirmed and adopted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | MAR 2 6 2001 date docketed | |
| | Notified counsel by telephone. | | | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| CG courtroom deputy's initials | | Date/time received in central Clerk's Office | | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLISON COOK, Individually, and as Special Administrator | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 99 C 2599 Judge Ronald A. Guzman |
| UNITED STATES OF AMERICA, SIGNATURE FLIGHT SUPPORT CORPORATION, a Foreign Corporation | ) ) ) ) ) | |
| Defendants, | ) ) | |



## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiffs Schoerberle and Cooks' consolidated objections and Mary Leske and the Estate of Roy C. Leiske's objections to Magistrate Judge Schenkier's Memorandum Opinion and Order which holds that Wisconsin law should apply to Plaintiffs' compensatory damages claims against the United States, Signature Flight, Monarch, and the Leiske Estate. For the following reasons, the court overrules the objections to Magistrate Judge Schenkier's Memorandum Opinion and Order and adopts the same in full.

## BACKGROUND FACTS

This case arises from an air crash that killed a pilot, Decedent Leiske, and his two passengers on April 29, 1996, before reaching its intended return destination in Wisconsin. The

1

purpose of the flight was for Decedent Schoeberle and Decedent Cook to attend a business meeting in Iowa and return home to Wisconsin. The aircraft involved in the air crash was owned and operated by Monarch Aviation Services, Inc. ("Monarch Aviation"). Decedent Leiske was Monarch Aviation's principal stockholder and sole employee.

On January 5, 2001, Plaintiffs Schoerberle and Cook filed objections to Magistrate Judge Schenkier's Memorandum Opinion and Order. Plaintiffs' objections put forth that Magistrate Judge Schenkier erred when he concluded that Wisconsin law should be applied to Plaintiffs' compensatory damage claims against the Defendants. More specifically, Plaintiffs contend that Magistrate Judge Schenkier erred when he failed to give "due deference" to the presumption set forth in section 175 of the Restatement (Second) of Conflict of Laws which provides that the local law of the state where the injury occurred applies to their cases. Plaintiffs further argue that Magistrate Judge Schenkier erred when he concluded that the place of the airplane accident was fortuitous. Each of these arguments will be addressed in turn.

## STANDARD OF REVIEW

The appropriate standard for review of a Magistrate Judge's determination is not always clear. 28 USC § 636(b) (1) (A) states that "a [district] judge may designate a magistrate [judge] to hear and determine any pretrial matter pending before the court...." Under this section any matter which is not dispositive of a claim or defense before the court may be referred to a Magistrate Judge for a ruling. A review by the District Judge of any such ruling is done under a "clearly erroneous or contrary to law" standard. Rule 72 of the Federal Rules of Civil Procedure. On the other hand, a Magistrate Judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense shall submit a recommendation for the disposition of the

matter. 28 USC §636 (b) (1); Rule 72 of the Federal Rules of Civil Procedure. In such a case the review by the District Judge shall be de novo. Rule 72 of the Federal Rules of Civil Procedure. Clearly, in issuing a Memorandum Opinion and Order rather than a Report and Recommendation Magistrate Judge Schenkier is signaling that he considers this a non-dispositive matter. We agree. While the determination of the choice of law issue in this case will impact the limits of the plaintiffs recovery, it will not dispose of the cause of action itself. Nevertheless, since the outcome of our analysis would be the same under either standard, we shall apply the more severe de novo review.

## DISCUSSION

### APPLICATION OF THE PRESUMPTION IN §175 OF THE RESTATEMENT SECOND

There is no dispute that Illinois' choice-of-law rules determine the substantive law applicable to plaintiffs' claim against Signature Flight and to plaintiff's claims against the United States as well. In a diversity action such as the present one, a federal district court applies the conflicts law of the forum state. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 (1938). The parties also agree that Illinois uses the most significant relationship test of the Restatement (Second) § 145 (The General Principle) to resolve choice-of-law issues in tort cases. The policy concerns involved in choice-of-law determinations are stated in the Restatement (Second) § 6 (Choice-of-Law Principles). In analyzing choice-of-law issues, the Seventh Circuit has adopted the concept of depecage: "the process of applying rules of different states on the basis of the precise issue involved." *In re Air Crash Disaster Near Chicago, Illinois on October 31, 1994,* 644 F. 2d 594, 610-11 (7th Cir. 1980). *See also* Restatement (Second) § 145.

A review of Magistrate Judge Schenkier's Memorandum Opinion and Order reveals that the Magistrate Judge initially considered the presumption set forth in Section 175 of the Restatement (Second), gave due deference to the presumption that the local law of Iowa (place of injury) could possibly be applied, and then in accordance with the Restatement's Rationale for Section 178, weighed the competing policies between the two states' interest and the factors involved in resolving such a conflict as applied to the parties in this case.

Section 178 of the Restatement explains that "the law selected by an application of the rule of § 175 determines the measure of damages in an action for wrongful death." *Restatement (Second) of Conflict of Laws § 178.* Section 175, in turn sets forth the foundation of the "most significant relationship test," and reads as follows:

> **§175. Right of Action for Death.**
>
> In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

*Restatement (Second) of Conflict of Laws § 175.*

Other relevant Restatement principles are set forth in sections 6 and 145, which are referenced by section 175 and which address, respectively, general choice of law principles applicable to tort actions. The full text of these sections is as follows:

> **§ 6. Choice-of-Law Principles.**
> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:
> (a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issues,
(d) the protections of justified expectations,
(e) the basis policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.

**§145. The General Principle.**
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to that occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to the issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Restatement (Second) of Conflict of Laws §§6, 145.*

Under the Restatement approach, where wrongful death damages are at issue, the court applies the local law of the state where the injury occurred, unless some other state has a more significant relationship to the issue of damages, the occurrence, and the parties. *Restatement (Second) of Conflict of Laws §§ 175, 178 (1971).*(emphasis added).[1]

---

[1]Similarly, while Restatement (Second) § 171 (Damages) states that "[t]he law selected by application of the rule of § 145 determines the measure of damages," the "Rationale" to that section explains that the determination is not purely mechanical:

The determination of the state of the applicable law should be made in the light of the choice-of-law principles stated in § 6. In general, this should be the state which has the dominant interest in the determinations of the particular issue. The state of conduct and injury will not, by reason of these contacts alone, be the state that is primarily concerned with the measure of damages in a tort action. The local law of this state will, however, be applied unless some other state has a greater interest in this issue. When the plaintiff and the defendant are domiciled in the same

5

After analyzing *In re Air Crash Near Roselawn, Indiana On October 31, 1994*, 948 F. Supp. 747, 756 (N.D. Ill. 1996)(*"Roselawn IV"*) Magistrate Judge Schenkier concluded that application of Wisconsin law would provide the more appropriate measure of compensatory damages with respect to plaintiffs' cases. In that regard Magistrate Judge Schenkier noted:

In this case, Wisconsin has an interest superior to that of Iowa on the question of ensuring appropriate compensation, as all decedents and their survivors are Wisconsin residents. (Citation omitted.) Indeed, a case can be made that "the place of injury has relatively little interest in relief afforded non-residents." (Citation omitted.). In any event, it is hard to see how any interest that Iowa possesses in fair compensation to Wisconsin residents injured within the Iowa borders is undermined by applying Wisconsin law, which reflects Wisconsin's judgment as to what maximum level of compensation for loss of society is fair for Wisconsin residents. Amended Order at 20-21.

Magistrate Judge Schenkier examined the contacts set forth in section 145 of the Restatement and applied the general principles governing choice of law, including: the interests of each state in having its law applied; the relevant policies of the forum; certainty, the promotion of interstate interests and the other basic principles underlying the field of law. *Restatement (Second) of Conflict of Laws §6.* (Explaining that general principles of choice of law contained in section 6 of the Restatement guide the application of the "most significant relationship"test). He then properly applied these factors and concluded that the law of the state of Wisconsin, not Iowa, should be applied to the measurement of plaintiffs' compensatory damage claims. We

---

state, and particularly if in addition there is a special relationship between them which is centered in this state, it would seem that this state is likely to be the state of most significant relationship with respect to the issue of damages.

6

agree. It is undisputed that the laws of Iowa and Wisconsin are in conflict regarding the amount of recovery in wrongful death cases. Wisconsin limits the amount which can be awarded for loss of society and companionship claims; Iowa does not. The Wisconsin statute that applies under the facts of this case provides for a cap of $150,000 for non-economic damages in adult wrongful death actions. This conclusion is buttressed by the fact that the relationship of all of the parties is centered in Wisconsin. Application of Wisconsin law will not only further the strong interest of Wisconsin in ensuring that its resident beneficiaries are fully compensated, *see* Restatement (Second) of Conflict of Laws § 6(2)(b) & (c) and comment subsection (2), it will serve both basic policies underlying the law of torts–compensating the victims and deterring those who are negligent or who place defective products in the stream of commerce. *Id.* at § 6(2)(e). Furthermore, the center of the relationship is also Wisconsin: all the victims in the plane were residents of Wisconsin; the plane was maintained and garaged by a Wisconsin based corporation, the passengers boarded the plane in Wisconsin; and the trip was scheduled to terminate there as well. Two defendants (the Leiske Estate and Monarch) are Wisconsin residents and none of the four defendants are Iowa residents. Thus, the Restatement contacts point toward Wisconsin.

Plaintiff's rehashing of the various factors is unpersuasive. Plaintiffs argue that the accident occurred in Iowa after Signature Flight negligently failed to inspect and/or repair the airplane and that Iowa was the center of the business relationship between the parties. These facts alone cannot be concluded to constitute error on Magistrate Schenkier's part in applying the guidelines set forth in the Restatement (Second). Even taking these factors as true it can only be concluded that Wisconsin law has an interest superior to that of Iowa on the question of ensuring appropriate compensation, as all decedents and their survivors are Wisconsin residents, Monarch

7

primarily did business in Wisconsin, and the two remaining defendants -Signature and the United States, through the FAA-also have a presence in Wisconsin. Magistrate Judge Schenkier further noted that none of the Defendants were Iowa residents and that Iowa's interest in protecting businesses from excessive claims is not compromised by application of Wisconsin law which provides a ceiling on recoverable damages for loss of society. Similar cases arising from an air crash have likewise applied the law of the decedent's domicile to determine compensatory damages. *See Shatkin v. McDonnell Douglas Corp.*, 727 F. 2d 202 (2d Cir.1984), *Shu-Tao Lin v. McDonnell Douglas Corp.*, 574 F. Supp. 1407 (S.D.N.Y. 1983), *aff'd in part and rev'd in part*, 742 F. 2d 45 (2d Cir. 1984); *Kinnett v. Sky's West Parachute Center, Inc.*, 596 F. Supp. 1039 (D. Co. 1984); *Chinn v. American Airlines*, 843 F. 2d 501 (9th Cir. 1988) and John B. Austin, *A General Framework Ananlyzing for Analyzing Choice-of-Law Problems in Air Crash Litigation*, 58 J.Air L. & Com. 909, 962-63 (Summer). The legitimate interests of these states, after all, are limited to assuring that the Plaintiffs are adequately compensated for their injuries and that the proceeds of any award are distributed to the appropriate beneficiaries. Those interests are fully served by applying the law of Wisconsin as to the issues involving the measure of compensatory damages and the distribution of any award. Therefore, it cannot be concluded that Magistrate Judge Schenkier erred when he applied section 178 of the Restatement (Second) and we agree with his reasoned determinatin.

Plaintiff's second argument that Magistrate Judge Schenkier erred when he concluded that the place of the accident was fortuitous also fails because this argument was thoroughly

8

considered and rejected by Magistrate Judge Schenkier. The Magistrate Judge correctly concluded that the place of the accident was fortuitous in the sense that the accident could have occurred in any of the three states that the aircraft planned to cross on the trip from Des Moines to Milwaukee. Magistrate Judge Schenkier distinguished the cases offered by Leiske in support of the fortuity argument and explained why the rationale in *Roselawn IV*, 948 F. Supp. at 756 was persuasive. Distinguishing the cases of *Jaurequi v. John Deere Co.*, 986 F. 2d 170 (7th Cir. 1993); *Wert v. McDonnel Douglass Corp.*, 634 F. Supp. 401 (E.D. Mo. 1996); *Price v. Litton Systems, Inc.*, 784 F. 2d 600 (5th Cir. 1986) Magistrate Judge Schenkier concluded "In none of these cases could it be said, as here, that the accident just as easily could have occurred in another state. And, in none of those cases was there another state with a superseding interest in having its law apply-as is the case here with Wisconsin on the question of compensatory damages." The fact that plaintiffs assert that Signature Flight's alleged negligence occurred in Iowa and that some of Mr. Leiske's alleged negligence occurred in Iowa is not in our opinion determinative of which state's law should control the damages issue. *See In re Air Crash Disaster Near Roselawn, Indiana on October 31, 1994 ("Roselawn III")*. We agree with the Magistrate Judge's analysis and conclusions.

## CONCLUSION

Plaintiffs' objections are overruled (#63-1) and the Magistrate Judge's Memorandum Opinion and Order is affirmed and adopted (#38-1 and #40-1).

**SO ORDERED**　　　　　　　　　　　　　　ENTERED: 3/5/07

　　　　　　　　　　　　　　　　　　　　　　_/s/ Ronald A. Guzman_
　　　　　　　　　　　　　　　　　　　　　　**HON. RONALD A. GUZMAN**
　　　　　　　　　　　　　　　　　　　　　　**United States Judge**